UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
HUMPHREY STEWART,

           Petitioner,

    -against-

People of the STATE OF NEW YORK,

           Respondent.
----------------------------------------------------X
DEARIE, Chief Judge.



FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 2 6 2006 ★
P.M.
TIME A.M.

MEMORANDUM & ORDER
04 CV 4426

     At approximately 3:15 on Christmas morning in 1995, shortly after he was denied entry into a Brooklyn nightclub, petitioner participated in a retaliatory drive-by shooting that injured the bouncer, James Peterkin. Petitioner was charged with two counts of second-degree assault, one count each of second-degree attempted murder, first-degree assault, first- and second-degree reckless endangerment, second-degree menacing, and criminal possession of a weapon in the second, third, and fourth degrees. Following a jury trial at which he testified, defendant was convicted only of second-degree menacing and second-degree weapons possession. The jury was unable to reach a verdict on the assault charge, which the trial court later dismissed, and acquitted on all other counts. Based on his criminal record, petitioner was adjudicated a persistent violent felony offender under N.Y. Penal Law § 70.08 and sentenced to sixteen years to life.

     Having pursued his direct appeal and post-conviction remedies in state court, petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's application is denied, and the petition is dismissed.

# DISCUSSION

## I. Speedy Trial Claim

Procedural infirmities bar review on the merits of petitioner's speedy trial claim under New York Criminal Procedure Law § 30.30.[1] Further, the claim is not one which this habeas court can recognize because it is based *entirely* on section 30.30 and thus raises *only* a question of state law. See 28 U.S.C. § 2254; Smith v. LaClair, No. 04 CV 4356, 2008 WL 728653, at *3 (S.D.N.Y. Mar. 17, 2008) ("Because C.P.L. § 30.30 is merely a state law provision requiring the prosecution to be ready for trial, a § 30.30 claim does not raise a federal constitutional claim.") (internal citations omitted); Singh v. Fischer, No. 03 CV 4128, 2004 WL 2999106, at *4 n. 4 (E.D.N.Y. Dec. 29, 2004) ("[petitioner's] claim that the state court erred in its decision regarding [his] speedy trial rights under New York state law is not cognizable on [federal] habeas review"); Wilson v. Goord, No. 00 CV 4849, 2004 WL 226149, at *4 (S.D.N.Y. Feb. 6, 2004) ("[E]ven if [p]etitioner's statutory speedy trial right was violated, [p]etitioner has failed to raise a constitutional claim that is cognizable on federal habeas corpus review.").

Even if the petition here could be construed as presenting a constitutional speedy trial claim under Barker v. Wingo, 407 U.S. 514, 530-32 (1972) (describing nature of right and four-factor test for assessing claims), that claim would likewise be barred from review on procedural

---

[1]Petitioner raised this claim in a pre-trial motion but did not include it in his direct appeal, so the unexhausted claim is deemed exhausted but procedurally defaulted. The default cannot be excused because the "cause" petitioner cites, the alleged ineffective assistance of appellate counsel, was never raised in state court, nor can petitioner establish such ineffectiveness. Regardless of whether appellate counsel's decision not to brief the section 30.30 issue fell below "an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), petitioner was not prejudiced, id. at 694, because there was no section 30.30 violation. See discussion infra at note 2.

grounds because the constitutional aspect of the claim never was, and no longer can be, presented to the state court.[2] See Barber v. Scully, 731 F.2d 1073, 1074 (2d Cir. 1984) (absent clear notice of change in the predicate for the speedy trial motion from section 30.30 to constitutional grounds, constitutional issue not preserved for review).

In any event, no statutory violation occurred. After failing to appear on a scheduled court date, petitioner was a fugitive for almost three and a half years, and twice used false names on subsequent re-arrests. The trial court therefore ruled, for section 30.30 purposes, that petitioner was attempting to avoid apprehension or prosecution, thereby relieving the People of any obligation to use "due diligence" to locate him. People v. Stewart, No. 15852/95 (Sup. Ct. Kings County July 3, 2000) (*Mem.*) at 3. The court's exclusion of petitioner's time as a fugitive squarely comports with People v. Torres, 88 N.Y.2d 928, 930-31 (1996). See People v. Delacruz, 705 N.Y.S.2d 637, 638 (App. Div. 2000) (applying Torres, held that People not required to use due diligence to locate defendant where, inter alia, defendant failed to appear and used different names). Absent any conceivable basis for construing the 30.30 claim in constitutional terms, the state court's adjudication of that claim is not an unreasonable application of clearly established federal law.

## II. Ineffective Assistance of Trial Counsel

Petitioner claims that trial counsel rendered ineffective assistance by failing to request an

---

[2]Although petitioner's initial pre-trial motion is missing from the record, the Court has reviewed the People's extensive opposition to that motion, petitioner' reply to that opposition (prepared by counsel) as well as the state court's decision on the motion, and finds no indication in any of these documents that petitioner raised a *constitutional* speedy trial claim in state court.

evidentiary hearing to determine whether the prosecution had tampered with the 911 tape admitted at trial. This claim was "fully adjudicated on the merits" in the state court within the meaning of 28 U.S.C.§ 2254(d),[3] but petitioner has not shown that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." Id.

The shots that injured Peterkin emanated from the passenger side of the vehicle; initially at issue during the trial was whether petitioner was the driver, and if so, whether he was also the shooter. Petitioner contends that blank sections on the 911 tape would have established that he was the driver, and that this would have been exculpatory in the face of some apparent inconsistencies in earlier statements by the victim, who at trial identified petitioner as both driver and shooter.[4] Regardless, given the acting-in-concert-theory presented to the jury, the issue of whether petitioner was the driver or passenger has no bearing on the weapons possession or menacing counts, the only two for which petitioner was convicted and which are before this habeas court. Trial counsel's decision not to pursue an utterly futile evidentiary point cannot satisfy the performance or prejudice prongs of Strickland v. Washington, 466 U.S. 668, 688 (1984), so the 440 court's rejection of this claim was not an unreasonable application of Strickland.

---

[3]Petitioner raised this claim in his motion to set aside his conviction pursuant to New York C.P.L. §440, which was denied on the merits. People v. Stewart, No. 15852/95 (Sup. Ct. Kings County May 3) (Mem.), at 3-6, lv. app. denied, No. 2001-04480 (2d Dep't July 6, 2001).

[4]At trial, Peterkin testified that codefendant Horrace Burrell, who was in the passenger seat, leaned back while petitioner, who was in the driver's seat, leaned up and over Burrell, pointed toward Peterkin, and shot at him. T. 80-83, 92. But Peterkin had previously been less clear, having at one point apparently told a detective that Burrell was the driver, T. 413–14, 417-418. The same detective also reported that Peterkin had said both that the passenger was the shooter and that the driver was the shooter. T. 414-5, 418.

4

## III. Remaining Claims

### A. Fair Trial.

Petitioner's bald assertion that he was denied a fair trial, to the extent it is a resurrection of the fair trial claim he asserted in the state courts, amounts to a claim that, because the People's bill of particulars identified petitioner as the principal, the People's case was limited to that theory, and the trial court's acting-in-concert charge was therefore an unfair surprise. Because the Appellate Division disposed of this claim by stating, after a discussion of other appellate issues, that petitioner's "remaining contentions are without merit," People v. Stewart, 772 N.Y.S.2d 852, 853 (App. Div.), lv. app. denied, 3 N.Y.3d 648 (2004), this Court must presume adjudication on the merits and afford deference as required under §2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006).

The Supreme Court has made clear that, to provide a basis for habeas relief, a challenged jury instruction must be "not merely . . . undesirable, erroneous, or even 'universally condemned,'" but must also "violate some right that was guaranteed to the defendant by the Fourteenth Amendment." Cupp v. Naughten, 414 U.S. 141, 146 (1973). An instruction, even if faulty, must "so infect[] the entire trial that the resulting conviction violates due process." Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001) (quoting Cupp, 414 U.S. at 147).

Here, petitioner is not challenging the *content* of the acting-in-concert charge but only the fact that it was given, and the record makes clear that his claim of unfair surprise is frivolous. Midway through the People's case, and well in advance of the defense case, the trial court announced its decision to submit three theories of possession, including an aiding and abetting

5

theory, T.330-331, noting that the evidentiary basis for the theory was "inescapable," and that a jury could rationally conclude that if petitioner did not possess the gun himself, then he either had constructive possession of it, or intentionally aided Burrell's possession. T. 331. The trial court highlighted in particular: (i) the fact that the gun was "not tiny" and "likely to have been observed," and (ii) the evidence that petitioner threatened Peterkin shortly before returning to the club in the car, drove Burrell to the scene, and sped off with Burrell immediately after the shooting. Id. The Appellate Division's affirmance of the trial court was not contrary to or an unreasonable application of any federal law.

### B. Sufficiency of the Evidence.

Petitioner's related sufficiency challenge to his weapons conviction also fails. The Appellate Division determined that the evidence "was legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt" and, "upon the exercise of [its] factual review power," found that the verdict of guilty "was not against the weight of the evidence." Stewart, 772 N.Y.S.2d at 853. The Appellate Division's determinations were not an unreasonable application of clearly established federal law if, after viewing the evidence in the light most favorable to the state, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

The evidence already reviewed, plus specific testimony concerning the gun used in the shooting, furnished an ample basis upon which a rational jury could have readily found, beyond a reasonable doubt, that petitioner was guilty of second-degree criminal possession of weapon. See N.Y. Penal Law § 265.03. Police Officer Edward Abell, who was in a marked police car directly behind petitioner's vehicle, witnessed a gun being tossed out the vehicle's passenger window shortly after the shooting. T. 221-24, 250, 275, 242-3, 249, 271. On the basis of the

recovered gun, the casings found in the back seat of petitioner's vehicle, the recovered bullets, and the related ballistics testimony, a rational juror could readily infer that petitioner had personal possession of the gun or was acting in concert with co-defendant Burrell.  T. 251-55, 392-95, 359, 371, 377-80, 384. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ll possible inferences that may be drawn from the evidence must be construed in the prosecution's favor.").  The jury was free to reject petitioner's testimony that Burrell had him at gunpoint and compelled his actions. Id.; Mallette v. Scully, 752 F.2d 26, 33 (2d Cir. 1984) (a rational jury free to disbelieve as self-serving the account of defendant testifying in his own behalf).

The repugnant verdict claim embedded in petitioner's sufficiency claim—that the acquittal on attempted murder and the failure to reach a verdict on assault necessarily reflect the jurors' rejection of Peterkin's testimony, including his statement that petitioner possessed the gun—is also without merit.  Repugnant verdict claims are not cognizable in this Court.  United States v. Powell, 469 U.S. 57, 63 (1984) (habeas relief unavailable for inconsistent verdicts); United States v. Acosta, 17 F.3d 538, 545 (2d Cir. 1994) (same).  In any event, the Court does not find that the verdicts are necessarily inconsistent,[5] with the mix of guilty and non-guilty verdicts easily consistent with the jurors' rejection of only part of the victim's testimony, rather than all of it, which they are free to do.  More critically, it is not the role of this Court to speculate, for even if the verdicts were inconsistent, "[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real

---

[5]The elements of second-degree attempted murder, first-degree assault and first- and second-degree reckless endangerment do not comprise the elements of second-degree criminal possession of a weapon, which require a jury to find only that petitioner possessed a weapon with the "intent to use the same unlawfully against another," or that he acted in concert with Burrell. See N.Y. Penal Law § 265.03.

7

conclusions, but that does not show that they were not convinced of the defendant's guilt." Powell, 469 U.S. at 64-65 (internal citation omitted). The Supreme Court expressly prohibits "an individualized assessment of the reason for the inconsistency," which "would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." Id. at 66.

### C. Unconstitutional Sentence.

Petitioner claims that his adjudication as a persistent violent felony offender under New York Penal Law § 70.08 violates the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. The Appellate Division's silent rejection of this claim is entirely consistent with clearly established federal law, because under §70.08, the increase in petitioner's sentence was mandatory and based solely on the uncontroverted record of his prior convictions. Sent. T. 1-7. See Almendarez-Torres v. United States, 523 U.S. 224, 239-247 (1998) (recidivism is acceptable criterion for increasing sentence and need not be alleged in accusatory instrument as element of the offense); Apprendi, 530 U.S. at 490 (*"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added).

### CONCLUSION

For all of the foregoing reasons, the application for relief is denied and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
        June 20, 2008

                    S/RJD

                    _____
                    RAYMOND J. DEARIE
                    United States District Judge